UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

RELIABLE CARRIERS, INC.,

    Plaintiff,

vs.

EXCELLENCE AUTO CARRIERS, INC.,

    Defendant.

Civil Action No. 2:11-cv-15326-GCS-MAR
Hon. George Caram Steeh
Magistrate Mark A. Radon

**Demand For Jury Trial**

_____/

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT**

NOW COMES Defendant, Excellence Auto Carriers, Inc., by and through its attorneys, Berry Moorman P.C. and answers the Complaint for Trademark Infringement filed against it as follows:

1. Defendant denies the allegations in paragraph 1 as it has not infringed on plaintiff's claimed trademark(s) nor has it engaged in unfair competition or trade practices against plaintiff, and as such plaintiff is not entitled to the relief requested.

2. Defendant denies the allegations in paragraph 2 as it has not knowingly or willfully or innocently violated plaintiff's rights in the claimed trademarks.

3. Upon information and belief, defendant denies the allegations in paragraph 3 since it first began using the Mark sometime around 2003 and not in 1984 as claimed and not all of the vehicles used by it are orange in color.

4. Defendant denies the allegations in paragraph 4 as it has not infringed on plaintiff's mark since (1) it has not used a mark confusingly similar to plaintiff's trademarks, (2) plaintiff's mark is not a famous and distinctive mark, and (3) use of an orange color scheme does

not constitute infringement.  Furthermore, plaintiff cannot claim color as part of its claimed famous and distinctive mark since it specifically disclaimed color as a feature of its mark.  (Dkt #1, Compl., Exh. 2, Pg. ID 16.)

5. Defendant denies the allegations in paragraph 5 as it has not engaged in unlawful acts nor has it infringed on plaintiff's trademarks nor has it caused confusion in the minds of those customers who utilize the services provided by both parties.

6. Defendant denies the allegations in paragraph 6 as no confusion exists among members of the relevant public.

7. Defendant denies the allegations in paragraph 7 as it has not infringed on plaintiff's trademarks and therefore could not intentionally profit from the claimed trademarks and further denies any detriment to Plaintiff or consumers.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10 as the principals of defendant are not former employees of plaintiff, and defendant did not adopt a color scheme identical to plaintiffs color scheme or adopted a confusingly similar logo to plaintiffs logo.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15 since upon information and belief, plaintiff has not been using the Mark since 1984. Defendant admits plaintiff has obtained federal trademark registration of the mark with the registration # 3367793, but denies this registration includes the color scheme claimed by plaintiff.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19 as it has not knowingly or willfully violated plaintiff's rights in the claimed Mark and does not use a confusingly similar design and color scheme.

20. Defendant denies the allegation in paragraph 20 since it has not infringed on plaintiff's claimed trademark(s), but admits it received a letter dated November 4, 2011 from plaintiff's attorney.

21. Defendant denies the allegation in paragraph 21 that defendants use of its trademark is confusingly similar, either in design or in color, to plaintiff's, but admits attorneys for defendant denied infringement of plaintiff's claimed trademark(s).

22. Defendant denies the allegation in paragraph 22 since it has not infringed on plaintiff's claimed trademark(s), but admits it received an email dated December 2, 2011 from plaintiff's attorney.

23. Defendant denies the allegation in paragraph 23 since it has not infringed on plaintiff's claimed trademark(s).

24. Defendant denies the allegation in paragraph 24 since it has not infringed on plaintiff's claimed trademark(s).

25. Defendant denies the allegation in paragraph 25 as none of its principals are former employees of plaintiff. Regardless, if the Plaintiff Mark is as famous as it claims, a former employee's knowledge would be no more extensive that that of the general public.

26. Defendant denies the allegation in paragraph 24 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

27. Defendant denies the allegations in paragraph 27 as it has not engaged in unlawful conduct nor has it infringed on plaintiff's trademarks.

28. Defendant denies the allegation in paragraph 28 since it has not infringed on plaintiff's claimed trademark(s).

**COUNT I**
**Federal Trademark Infringement and Unfair Competition**
**in Violation of Section 32 of the Lanham Act**

29. Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

30. Defendant denies the allegation in paragraph 30 since it has not infringed on plaintiff's claimed trademark(s).  Defendant further denies that 15 U.S.C. § 1114 is applicable to plaintiff's claim of infringement of its color scheme as it is not a federally registered trademark.

31. Defendant denies the allegation in paragraph 31 as none of its principals are former employees of plaintiff.

32. Defendant denies the allegation in paragraph 32 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

33. Defendant denies the allegation in paragraph 33 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

## COUNT II
### Federal Trademark Infringement and Unfair Competition in Violation of Section 43(a) of the Lanham Act

34. Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

35. Defendant denies the allegation in paragraph 35 since it has not infringed on plaintiff's claimed trademark(s).

36. Defendant denies the allegation in paragraph 36 as none of its principals are former employees of plaintiff.

37. Defendant denies the allegation in paragraph 37 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

38. Defendant denies the allegation in paragraph 38 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

## COUNT III
### Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act

39. Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

40. Defendant denies the allegation in paragraph 40 since it has not infringed on plaintiff's claimed trademark(s). Defendant further denies that 15 U.S.C. § 1114 is applicable to plaintiff's claim of infringement of its color scheme as it is not a federally registered trademark.

41. Defendant denies the allegation in paragraph 41 as none of its principals are former employees of plaintiff.

42. Defendant denies the allegation in paragraph 42 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

## COUNT IV
### Common Law Trademark Dilution

43. Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Defendant denies the allegation in paragraph 45 since it has not infringed on plaintiff's claimed trademark(s).

46. Defendant denies the allegation in paragraph 46 as none of its principals are former employees of plaintiff.

47. Defendant denies the allegation in paragraph 47 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

48. Defendant denies the allegation in paragraph 48 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

## COUNT V
### Common Law Unfair Competition, Palming Off and Trademark Infringement

49. Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Defendant denies the allegation in paragraph 51 since it has not engaged in conduct constituting palming off.

52. Defendant denies the allegation in paragraph 52 as none of its principals are former employees of plaintiff.

53. Defendant denies the allegation in paragraph 53 since it has not engaged in conduct constituting unfair competition.

54. Defendant denies the allegation in paragraph 54 since it has not infringed on plaintiff's claimed trademark(s).

55. Defendant denies the allegation in paragraph 55 since it has not engaged in conduct constituting palming off and unfair competition, and has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

56. Defendant denies the allegation in paragraph 56 since it has not engaged in conduct constituting palming off and unfair competition, and has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

## COUNT VI
**Trademark Infringement in Violation of Mich. Comp. Laws § 429.42**

57. Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

58. Defendant denies the allegation in paragraph 58 since it has not infringed on plaintiff's claimed trademark(s).

59. Defendant denies the allegation in paragraph 59 as none of its principals are former employees of plaintiff.

60. Defendant denies the allegation in paragraph 60 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

61. Defendant denies the allegation in paragraph 61 since it has not infringed on plaintiff's claimed trademark(s) and has not caused any damage or injury to Plaintiff.

## COUNT VII
## Unfair Competition in Violation of the Michigan Consumer Protection Act

62.     Defendant repeats and re-alleges its answers to the allegations set forth in all previous paragraphs.

63.     Defendant denies the allegation in paragraph 63 since it has not infringed on plaintiff's claimed trademark(s), nor has it caused confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided by the parties.

64.     Defendant denies the allegation in paragraph 64 since it has not infringed on plaintiff's claimed trademark(s), nor has it caused confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided by the parties and further avers that the customers of both Plaintiff and Defendant are sophisticated users of the type of service provided by both.

65.     Defendant denies the allegation in paragraph 65 since it has not infringed on plaintiff's claimed trademark(s), nor has it caused confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided by the parties and has not caused any damage or injury to Plaintiff.

66.     Defendant denies the allegation in paragraph 66 as none of its principals are former employees of plaintiff.

67.     Defendant denies the allegation in paragraph 67 since it has not infringed on plaintiff's claimed trademark(s), nor has it caused confusion or misunderstanding as to the source, sponsorship, approval or certification of services provided by the parties and has not caused any damage or injury to Plaintiff.

## AFFIRMATIVE DEFENSES

68.     Plaintiff has failed to state a claim for which relief may be granted.

69. Plaintiff does not hold valid ownership in the claimed orange color scheme and is therefore not a protectable mark.

70. Plaintiff's claimed "color scheme" is not a federally registered trademark.

71. There is no likelihood of confusion between plaintiff and defendant's marks.

72. Plaintiff is not permitted to bring a claim against defendant under the Michigan Consumer Protection Act, MICH. COMP. LAWS §§ 445.901-.922 ("MCPA").

73. The claimed trade or commerce engaged in by defendant is not actionable under the MCPA.

74. Any violation, if any, of the MCPA by defendant resulted from a bona fide error.

75. Plaintiff's claims are barred under equitable principles of estoppel and laches for its unreasonable delay in bringing its claims.

76. At all relevant times, defendant acted in good faith, without actual or constructive knowledge of any infringement or dilution of any valid mark of plaintiff, with good and sufficient legal cause and therefore cannot be subject to liability.

77. Defendant reserves the right to add such other and additional affirmative defenses as they become known.

## COUNTERCLAIM

Defendant and Counter-plaintiff Excellence Auto Carriers, Inc. by and through its attorneys, hereby counterclaims as follows against plaintiff Reliable Carriers Inc.:

78. Defendant/Counter-plaintiff Excellence Auto Carriers, Inc. ("Excellence") is a Michigan corporation with its principal place of business in Novi, Michigan.

79. Plaintiff/Counter-defendant Reliable Carriers, Inc. ("Reliable") is Michigan corporation with its principal place of business in Canton, Michigan.

80. Reliable has engaged in unfair competition by interfering with business relationships between Excellence and its customers.

81. On more than one occasion and involving more than one customer of Excellence, agents of Reliable have made untrue statements implying the financial condition, method of operation, or management of Excellence that were false and designed to divert business away from Excellence.

82. Reliable has engaged in unfair competition by interfering with business expectancies between Excellence and prospective customers.

83. On at least one occasion agents of Reliable have made untrue statements to a prospective customer of Excellence impugning the financial condition, method of operation, or management of Excellence that were false and designed and did in fact divert business away from Excellence.

84. Reliable has engaged in unfair competition by making defamatory statements to customers and prospective customers of Excellence.

85. On more than one occasion and involving more than one customer and prospective customer of Excellence, agents of Reliable have made untrue statements impugning the financial condition, method of operation, or management of Excellence that have defamed the reputation of Excellence.

86. Reliable has also engaged in unfair competition by making false claims in advertisements involving its business.

87. Reliable has made false advertising claims about the number of trucks it owns that are available to its customers and prospective customers.

88. Reliable's conduct amounts to unfair competition that has harmed Excellence.

## COUNT I
### Unfair Competition: Tortious Interference With A Business Relationship

89.  Excellence adopts by reference the allegations set forth in the previous paragraphs.

90.  Reliable has intentionally and improperly interfered with business relationships between Excellence and its customers.

91.  Due to Reliable's intentional and improper interference, Excellence has been damaged as certain of its business relationships have been breached, disrupted, or terminated.

## COUNT II
### Unfair Competition: Tortious Interference With A Business Expectancy

92.  Excellence adopts by reference the allegations set forth in the previous paragraphs.

93.  Reliable has intentionally and improperly interfered with business expectancy between Excellence and its potential customers.

94.  Due to Reliable's intentional and improper interference, Excellence has been damaged as certain of its business expectancies have been disrupted or unrealized.

## COUNT III
### Unfair Competition: Business Defamation

95.  Excellence adopts by reference the allegations set forth in the previous paragraphs.

96.  Reliable has intentionally or negligently made false and defamatory statements that have damaged the reputation of Excellence and which have and will continue to deter customers and potential customers from utilizing Excellence's services.

97.  Due to the false and defamatory statements made by Reliable, Excellence has been damaged.

## COUNT IV
### Unfair Competition: False Advertising in Violation of 15 U.S.C. § 1125(a)

98. Excellence adopts by reference the allegations set forth in the previous paragraphs.

99. Reliable has made false claims in advertisements about its services that are designed to deceive a substantial potion of the public, including customers and potential customers of Excellence.

100. The false claims made by Reliable are material and likely to influence purchasing decisions of the public, including customers and potential customers of Excellence.

101. As a result of these false advertising claims made by Reliable, Excellence has been or is likely to be injured by a diversion of sales from Excellence to Reliable.

## COUNT V
### Unfair Competition: Violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS §§ 445.901-.922

102. Excellence adopts by reference the allegations set forth in the previous paragraphs.

103. Reliable has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, specifically, by disparaging the goods, services, business, or reputation of counter plaintiff by making false or misleading representation of fact.

104. Counter defendant has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, specifically, by engaging in false advertising as to its capacity to offer services as well as the period in which counter defendant has been offering automotive transportation services.

105. Counter defendant has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, specifically, by engaging in false

advertising as to its capacity to offer services as well as the period in which counter defendant has been offering automotive transportation services.

106.   As a result of these unfair practices by Reliable, the general public and Excellence have been or are likely to be damaged.

## DEMAND FOR RELIEF

Excellence seeks the following relief from this court:

A.   Award counter-plaintiff damages resulting from Reliable's tortious interference with Excellence's business relationships with its current and former customers.

B.   Award counter-plaintiff damages resulting from Reliable's tortious interference with Excellence's business expectancy with potential customers.

C.   Award counter-plaintiff damages resulting from Reliable's defamatory statements that have damaged the reputation of Excellence which has and will continue to deter customers and potential customers from utilizing its services.

D.   Award counter-plaintiff damages resulting from Reliable's unfair business practices.

E.   Enjoin Reliable from making further false advertising claims and order Reliable to remedy and publicly correct all false statements made.

F.   Award counter-plaintiff the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law.

G.   Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant/counter-plaintiff demands a jury trial on all the issues so triable.

        Respectfully submitted,

        BERRY MOORMAN P.C.

        /s/ Mark E. Straetmans
        Mark E. Straetmans (P 29158)
        Attorneys for Defendant
        535 Griswold, Suite 1900
        Detroit, Michigan 48226
        (313) 496-1200
        mstraetmans@berrymoorman.com

Dated: January 6, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael A. Sneyd: mas@krwlaw.com, slk@krwlaw.com

        /s/ Mark E. Straetmans
        Mark E. Straetmans (P 29158)
        535 Griswold, Suite 1900
        Detroit, Michigan 48226