UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

RELIABLE CARRIERS, INC.,

    Plaintiff/Counter-Defendant,

vs.                                          Civil Action No. 2:11-cv-15326-GCS-MAR
                                              Hon. George Caram Steeh
EXCELLENCE AUTO CARRIERS, INC.,    Magistrate Mark A. Radon

    Defendant/Counter-Plaintiff.

_____/

## FIRST AMENDED COUNTERCLAIM TO COMPLAINT

    Defendant and Counter-plaintiff Excellence Auto Carriers, Inc. by and through its attorneys, hereby counterclaims as follows against plaintiff Reliable Carriers Inc.:

    78.    Defendant/Counter-plaintiff Excellence Auto Carriers, Inc. ("Excellence") is a Michigan corporation with its principal place of business in Novi, Michigan.

    79.    Plaintiff/Counter-defendant Reliable Carriers, Inc. ("Reliable") is Michigan corporation with its principal place of business in Canton, Michigan.

    80.    Reliable has engaged in unfair competition by interfering with business relationships between Excellence and its customers.

    81.    On more than one occasion and involving more than one customer of Excellence, agents of Reliable have made untrue statements implying the financial condition, method of operation, or management of Excellence that were false and designed to divert business away from Excellence.

    82.    Reliable has engaged in unfair competition by interfering with business expectancies between Excellence and prospective customers.

83. On at least one occasion agents of Reliable have made untrue statements to a prospective customer of Excellence impugning the financial condition, method of operation, or management of Excellence that were false and designed and did in fact divert business away from Excellence.

84. Reliable has engaged in unfair competition by making defamatory statements to customers and prospective customers of Excellence.

85. On more than one occasion and involving more than one customer and prospective customer of Excellence, agents of Reliable have verbally made untrue statements impugning the reliability of services, financial condition, method of operation, or management of Excellence that have defamed the reputation of Excellence.

86. Upon information and belief, Reliable has verbally communicated to a third party that Excellence did not have insurance implying that the transportation of third party's vehicles would be jeopardized if they used Excellence's transportation services.

87. Excellence has always maintained insurance covering the transportation of its customers vehicles.

88. Upon information and belief, Reliable has verbally communicated to a third party that Excellence was not properly registered or did not have the authority to operate from the Federal Department of Transportation ("DOT"), implying that the transportation of third party's vehicles would be jeopardized if they used Excellence's transportation services.

89. Excellence has always been registered with DOT and complied with all filing and registration requirements of the DOT.

90. Upon information and belief, Reliable has verbally communicated to a third party that Excellence was filing for bankruptcy and that its equipment was being repossessed, implying

that the transportation of third party's vehicles would be jeopardized if they used Excellence's transportation services.

91.     Excellence has never filed or contemplated filing for bankruptcy protection, nor has any of its assets been repossessed.

92.     Reliable has also engaged in unfair competition by making false claims in advertisements involving its business.

93.     In the October 2011 edition of Porsche Panorama, Reliable published a full page ad claiming it had "grown into 350 truck model of unsurpassed reach and unparalleled service."

94.     According to a August 2011 report made by Relaible to the Federal Motor Carrier Safety Administration ("FMCSA"), Reliable had at most approximately 208 trucks.

95.     The number of trucks and drivers at the dispose of an automobile carrier is considered material to the target consumer market.

96.     Furthermore, Reliable is advertising that it has been transporting automobiles for 50 years.

97.     Upon information and belief, Reliable did not begin transporting automobiles until the early 1980's.

98.     The length of time an automobile carrier has been in business and conducting the specific services is considered material to the target consumer market.

99.     Reliable has made false advertising claims about the number of trucks it owns that are available to its customers and prospective customers and the length of time and experience it has in providing automobile transportation services.

100.    Reliable's conduct amounts to unfair competition that has harmed Excellence.

## COUNT I
## Unfair Competition: Tortious Interference With A Business Relationship

101. Excellence adopts by reference the allegations set forth in the previous paragraphs.

102. Reliable has intentionally and improperly interfered with business relationships between Excellence and its customers.

103. Due to Reliable's intentional and improper interference, Excellence has been damaged as certain of its business relationships have been breached, disrupted, or terminated.

## COUNT II
## Unfair Competition: Tortious Interference With A Business Expectancy

104. Excellence adopts by reference the allegations set forth in the previous paragraphs.

105. Reliable has intentionally and improperly interfered with business expectancy between Excellence and its potential customers.

106. Due to Reliable's intentional and improper interference, Excellence has been damaged as certain of its business expectancies have been disrupted or unrealized.

## COUNT III
## Unfair Competition: Business Defamation

107. Excellence adopts by reference the allegations set forth in the previous paragraphs.

108. Reliable has intentionally or negligently made false and defamatory verbal statements to third parties that have damaged the reputation of Excellence and which have and will continue to deter customers and potential customers from utilizing Excellence's services.

109. Specifically, Reliable has made false and defamatory statements impugning the reliability of services, financial condition, method of operation, or management of

Excellence.Due to the false and defamatory statements made by Reliable which it was not privileged to make, Excellence has been damaged.

110.     The false and defamatory statements made by Reliable constitute defamation per se as they have damaged the business of Excellence.

## COUNT IV
### Unfair Competition: False Advertising in Violation of 15 U.S.C. § 1125(a)

111.     Excellence adopts by reference the allegations set forth in the previous paragraphs.

112.     Reliable has made false claims in advertisements about its services that are designed to deceive a substantial potion of the public, including customers and potential customers of Excellence.

113.     The false claims made by Reliable are material and likely to influence purchasing decisions of the public, including customers and potential customers of Excellence.

114.     As a result of these false advertising claims made by Reliable, Excellence has been or is likely to be injured by a diversion of sales from Excellence to Reliable.

## COUNT V
### Unfair Competition: Violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS §§ 445.901-.922

115.     Excellence adopts by reference the allegations set forth in the previous paragraphs.

116.     Reliable has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, specifically, by disparaging the goods, services, business, or reputation of counter plaintiff by making false or misleading representation of fact.

117.     Counter defendant has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, specifically, by engaging in false

advertising as to its capacity to offer services as well as the period in which counter defendant has been offering automotive transportation services.

118.  Counter defendant has engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce, specifically, by engaging in false advertising as to its capacity to offer services as well as the period in which counter defendant has been offering automotive transportation services.

119.  As a result of these unfair practices by Reliable, the general public and Excellence have been or are likely to be damaged.

## **DEMAND FOR RELIEF**

Excellence seeks the following relief from this court:

A.  Award counter-plaintiff damages resulting from Reliable's tortious interference with Excellence's business relationships with its current and former customers.

B.  Award counter-plaintiff damages resulting from Reliable's tortious interference with Excellence's business expectancy with potential customers.

C.  Award counter-plaintiff damages resulting from Reliable's defamatory statements that have damaged the reputation of Excellence which has and will continue to deter customers and potential customers from utilizing its services.

D.  Award counter-plaintiff damages resulting from Reliable's unfair business practices.

E.  Enjoin Reliable from making further false advertising claims and order Reliable to remedy and publicly correct all false statements made.

F.  Award counter-plaintiff the costs of suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and Michigan law.

G.      Award such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>BERRY MOORMAN P.C.
>
>/s/ Mark E. Straetmans
>Mark E. Straetmans (P 29158)
>Attorneys for Defendant
>535 Griswold, Suite 1900
>Detroit, Michigan 48226
>(313) 496-1200
>mstraetmans@berrymoorman.com

Dated: January 23, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Michael A. Sneyd: mas@krwlaw.com, slk@krwlaw.com

>/s/ Mark E. Straetmans
>Mark E. Straetmans (P 29158)
>535 Griswold, Suite 1900
>Detroit, Michigan 48226