UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RELIABLE CARRIERS, INC.,

    Plaintiff,

v.

Case No. 11-CV-15326
HON. GEORGE CARAM STEEH

EXCELLENCE AUTO
CARRIERS, INC.,

    Defendant.

_____/

## OPINION AND ORDER GRANTING RELIABLE CARRIERS, INC.'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM (#12)

On December 6, 2011, plaintiff Reliable Carriers, Inc. ("Reliable") filed a complaint against defendant Excellence Auto Carriers ("Excellence") alleging trademark infringement and unfair competition.  On January 6, 2012, Excellence filed its answer to the complaint and asserted counterclaims against Reliable.  On January 23, 2012, Excellence filed an amended counterclaim asserting: (1) tortious interference with a business relationship; (2) tortious interference with a business expectancy; (3) business defamation; (4) false advertising; and (5) violation of the Michigan Consumer Protection Act.  On February 9, 2012, Reliable filed a motion to dismiss Excellence's counterclaim.  The motion is fully briefed.  Oral argument occurred at a hearing on the motion on May 15, 2012.  For the reasons that follow, the court GRANTS Reliable's motion to dismiss defendant's counterclaim.

BACKGROUND

Reliable is an automobile transportation company headquartered in Canton, Michigan. It is the nation's largest enclosed auto transport company. Excellence is a small, recently-formed competitor located in Novi, Michigan. Reliable's trademark infringement claims arise out of alleged similarities in color and logo between the parties' respective transport trucks. However, Excellence argues the genesis of the claims is the competition between Reliable and its former contract truck drivers who now manage and operate Excellence.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

"Pursuant to Federal Rule of Civil Procedure 9(b), in any complaint averring fraud

or mistake, 'the circumstances constituting fraud or mistake shall be stated with particularity.'" Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" Id., quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993); see also Sanderson v. HCA, 447 F.3d 873, 877 (6th Cir. 2006) (requiring that plaintiff specify the who, what, where, when, and how of the alleged fraud). If the claim is not properly pled, dismissal is proper. See Yuhasz, 341 F.3d at 566.

ANALYSIS

Tortious Interference

To prevail on a claim for tortious interference with a business relationship or expectancy in Michigan, a plaintiff must show "the existence of a valid business relationship or expectancy, knowledge of the relationship or expectancy on the part of the defendant, an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the plaintiff." BPS Clinical Lab. v. Blue Cross & Blue Shield of Mich., 217 Mich. App. 687, 698-99 (1996). If a party's actions are motivated by legitimate business reasons, its actions do not constitute improper interference. Id. at 699. A plaintiff must show affirmative acts by the defendant that corroborate the improper motive of the interference in order to show that a lawful act was done with malice or without justification. Id.

Reliable argues Excellence fails to state a claim for tortious interference because it fails to allege: a single person or entity with which it had a business relationship, how the

3

supposed actions by Reliable resulted in the loss of a business relationship or expectancy, that Reliable was aware of the alleged relationship, that Reliable's actions were done with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another, and any affirmative acts by Reliable to corroborate any improper motive.

Excellence argues it has properly alleged tortious interference because it alleged Reliable made disparaging statements about Excellence to the parties' common customers and falsely advertised in a harmful manner. Excellence argues one can extrapolate that Reliable's motive was to interfere with Excellence's business relationships.

However, as noted by Reliable, Excellence fails to state a claim because Excellence fails to identify the business relationship or expectancy that was breached or terminated and fails to allege Reliable knew of the relationship or expectancy. As Excellence fails to state a claim for tortious interference, counts I and II of the counterclaim are DISMISSED.

<u>Defamation</u>

In order to prevail on a defamation claim, Excellence must show: a false and defamatory statement concerning plaintiff, an unprivileged communication to a third party, fault amounting to at least negligence, and either actionability per se or the existence of special harm. <u>DIRECTV, Inc. v. Cavanaugh</u>, 321 F. Supp. 2d 825, 836 (E.D. Mich. 2003) (citing <u>Gonyea v. Motor Parts Federal Credit Union</u>, 192 Mich. App. 74, 76-77 (1991)). Reliable argues Excellence's defamation claim fails because Excellence did not allege who made and received the allegedly defamatory statements and where or when the statements were made. Reliable also argues the substance of the defamatory statements is not specific enough.

Excellence argues it sufficiently alleged defamation. Excellence points to allegations that Reliable disparaged Excellence's financial condition, operational methods, and management practices by telling third parties that Excellence neglected to insure its shipments, failed to properly register with the Federal Department of Transportation, filed or intended to file for bankruptcy, and was in danger of having its equipment repossessed. However, Excellence has not set forth a defamation claim because Excellence does not allege to whom the statements were allegedly made and therefore does not meet the publication requirement. At the hearing, Excellence suggested Toyota was one of the third parties to whom the alleged statements were made. However, such an allegation is not contained in the counterclaim. Count III of the counterclaim is therefore DISMISSED.

<u>False Advertising</u>

A false advertising claim under the Lanham Act requires that the defendant has made false or misleading statements of fact concerning his own product or another's, the statement actually deceives or tends to deceive a substantial portion of the intended audience, the statement is material in that it will likely influence a deceived consumers' purchasing decisions, the advertisements were introduced into interstate commerce, and there is some causal link between the challenged statements and harm to the plaintiff. <u>Balance Dynamics Corp. v. Schmitt Indus.</u>, 204 F.3d 683, 689 (6th Cir. 2000). In its motion to dismiss, Reliable argues Excellence has not sufficiently pled the materiality and causation requirements of a false advertising claim.

In its counterclaim, Excellence asserts that Reliable falsely advertised that it had 350 trucks when it had only 208 trucks. Excellence also asserts that Reliable falsely advertised that it had transported automobiles for 50 years when it had only been transporting vehicles

5

for 30 years.  Excellence alleged that the number of trucks and drivers at the disposal of an automobile carrier and the length of time an automobile carrier has been in business are considered material to the target consumer market.  Thus, Excellence alleges, it has been or is likely to be injured by a diversion of sales from Excellence to Reliable.

Reliable argues that these allegations do not plausibly meet the materiality and causation requirements.  Reliable argues that the differences between 30 and 50 years and 208 and 350 trucks are immaterial.  Reliable also argues that Excellence's claim that business would be diverted by this advertising is implausible.  Reliable argues that any customer who decided not to use Reliable because it only has 208 trucks and 30 years of service would not use Excellence, who has less than 6 trucks[1] and has been in service approximately 3 years.  Excellence failed to address these arguments in its response brief.  At the hearing, Excellence argued that if Reliable did not believe these characteristics were important then it would not have included them in its advertising.  Excellence also argued that Reliable would not have brought this action if Excellence was incapable of competing with Reliable.  These arguments fail to address the deficiencies in Excellence's false advertising claim, particularly with respect to the causation requirement.  As such, the court DISMISSES count IV of the counterclaim.

Violation of Michigan Consumer Protection Act

The Michigan Consumer Protection Act precludes the use of "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce..."  MCLA § 445.903(1).  In its counterclaim, Excellence alleges that Reliable

---

[1] While the briefs indicate Excellence has less than 6 trucks, the oral argument suggested Excellence now has 14 trucks.

engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce. In paragraph 116, Excellence alleges Reliable engaged in such conduct "by disparaging the goods, services, business, or reputation of counter plaintiff by making false or misleading misrepresentation of fact." As noted by Reliable, it appears this paragraph is attempting to assert a claim under MCL § 445.903(1)(f). In paragraphs 117 and 118, Excellence alleges Reliable engaged in such conduct by engaging in false advertising concerning its capacity to offer services as well as the period in which it has been offering services. As noted by Reliable, it appears these paragraphs are attempting to assert a claim under MCL § 445.903(1)(c) that Reliable has represented that it has a "status" which it does not have. In its motion to dismiss, Reliable argues these allegations are conclusory and fail to set forth a claim. Reliable argues all these claims sound in fraud and therefore must be pled with particularity. Reliable argues the MCPA claims should be dismissed for failure to allege the "who, where, when, and how" of the claim.

Excellence's response is woefully inadequate. Excellence argues the heightened pleading standard does not apply but notes contrary authority. Excellence then states "Reliable's tortious interference, defamation and false advertising *arguably* constitute unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." (Emphasis added.) Excellence fails to elaborate or provide any legal authority. The court therefore finds that the allegations in Excellence's MCPA counterclaim are conclusory. Because Excellence fails to assert factual allegations sufficient to state a claim under the MCPA, or otherwise explain how it has sufficiently plead a claim under the MCPA, count V of the counterclaim is DISMISSED.

CONCLUSION

For the reasons set forth above, Reliable's motion to dismiss defendant's counterclaim is GRANTED and Excellence's counterclaim is DISMISSED without prejudice. If Excellence believes it can sufficiently plead any of these claims following discovery, the court will entertain a motion for leave to amend at that time.

Dated:  May 29, 2012

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 29, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---